```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        -v-                           :    07 Cr. 951 (DLC)

OCTAVIA MANIGAULT,                    :

             Defendant.               :
- - - - - - - - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S SENTENCING MEMORANDUM**

                                                 MICHAEL J. GARCIA
                                                 United States Attorney for the
                                                 Southern District of New York
                                                 Attorney for the United States
                                                     of America.

SEETHA RAMACHANDRAN
Assistant United States Attorney
    - Of Counsel -



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 14, 2008

<u>By Hand</u>
The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

    Re:  <u>United States v. Octavia Manigault</u>, 07 Cr. 951 (DLC)

Dear Judge Cote:

      This matter is scheduled for sentencing on January 18, 2008, at 12:00 p.m.  The Government respectfully submits this letter in response to defense counsel's January 11, 2008 sentencing letter submitted on behalf of Octavia Manigault ("Manigault Sent. Ltr." or "Manigault's letter").  Specifically, this response addresses the issues of (1) Manigault's participation in the Expedited Plea Program; (2) how the Government calculated the tax loss amount; (3) the maximum term of imprisonment applicable to Manigault's crimes of conviction; and (4) restitution as a condition of Manigault's supervised release or probation.

**I.    Manigault's Participation in the Expedited Plea Program**

      The IRS identified Manigault as a fraudulent tax preparer in 2003, and first interviewed her in April 2004, in West Virginia.  Manigault voluntarily spoke to the IRS after agents gave her a non-custodial statement of rights.  In November 2004, the IRS advised Manigault that it wished to interview her again, in New York.  In or about December 2004, Manigault obtained counsel, and met with IRS agents in New York on March 21 through 24, 2005, where she was represented by counsel.  During these meetings, IRS agents reviewed a number of tax returns with Manigault, many of which she confessed to falsely filing.  For every tax return that Manigault admitted to falsely filing, IRS Special Agent Michelle Brown prepared a post-it type note stating

Hon. Denise L. Cote
January 14, 2008
Page 3

"I signed the following return," followed by the taxpayer name and social security number listed on that particular return, as well as the year in which it was filed. For each of these tax returns, Manigault initialed the name of the taxpayer on the post-it type note, and also signed and dated the note. Special Agent Brown then affixed the note to the corresponding tax return.

In November 2006, Manigault was offered participation in the Department of Justice's Tax Division Expedited Plea Program, which she accepted. Consistent with Manigault's participation in the Expedited Plea Program, the IRS did not pursue additional investigation into Manigault's fraud after the meetings on March 21 through March 24, 2005, or seek to interview her again. Accordingly, the total tax loss amount that the Government seeks to hold Manigault responsible for is limited to the fraud she admitted to during her interviews with the IRS. The Expedited Plea Program requires a defendant to plead to the most significant violation involved, consistent with the Tax Division's Major Count Policy. Unlike a cooperation agreement, the Expedited Plea Program does not require that a defendant plead guilty to all criminal conduct she has committed. The Program's benefit to the defendant is that the IRS stops investigating the tax fraud, thereby capping the loss amount at what the Government knows of when the offer to participate in the program is first extended. Certainly, Manigault's participation in the Expedited Plea Program and her willingness to be interviewed and truthfully answer the IRS's questions assisted the Government in its investigation and prosecution of her case. However, Manigault did not plead guilty to a cooperation agreement, nor was any cooperation agreement offered.

**II.   Tax Loss Amount**

The Government determined that the tax loss amount in this case, which includes Manigault's relevant conduct as well as the conduct charged in the Indictment, is $601,384.70. The Government calculated this loss amount by adding the amounts reflected on each of the tax returns that Manigault admitted to falsely filing. Special Agent Michelle Brown created a spreadsheet summarizing this calculation, attached as Exhibit A, which the Government provided to defense counsel in connection

Hon. Denise L. Cote
January 14, 2008
Page 4

with Manigault's sentencing.[1]  Both Manigault and the Government agree that the loss amount is more than $400,000 but less than $1,000,000, resulting in a base offense level of 20 under the Sentencing Guidelines.

Although Manigault does not recall some of the names on that spreadsheet (Manigault Sent. Ltr. 2, 10), those returns are properly considered as relevant conduct.  Manigault admitted to falsely filing each of the returns reflected on the spreadsheet, and those admissions were tallied on the post-it notes affixed to each tax return (which, as described above, Manigault initialed, signed, and dated).  The fact that Manigault does not recall the specific names of certain taxpayers is not inconsistent with her scheme, in that she admitted that many of the tax returns she filed were for people she did not know.

As for Manigault's claim that the Government is "stretching relevant conduct to its limits," (Manigault Sent. Ltr. at 10), the relevant conduct that the Government seeks to include in the total loss amount is limited to what Manigault admitted to falsely filing.  Even removing the 17 tax returns that Manigault now challenges from the loss amount calculation results in a loss amount that is well in excess of $500,000.  That amount, which includes only those returns that Manigault admitted to filing falsely, falls safely within the dictates of Guidelines Section 1B1.3, which recommends that courts consider the entire range of the defendant's conduct, noting that even "[c[onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."  U.S.S.G. § 1B1.3, comment (backg'd).  The Second Circuit has recognized that the relevant conduct provisions contained in Section 1B1.3(a) are to be determined "broadly," to include, among other things, conduct for which the defendant was acquitted; conduct related to dismissed counts of an indictment; conduct that predates that charged in the indictment; conduct not charged in the indictment; conduct outside the statute of limitations; and conduct that violated state law.  United States v. Silkowski, 32 F.3d 682, 688 (2d Cir. 1994) (citations omitted); see United States v. Fitzgerald, 232 F.3d 315, 320 (2d Cir. 2000) (upholding inclusion of state tax losses when fixing total tax loss, and upholding

---

[1] Because this sentencing memorandum will be publicly available through ECF, the taxpayer names and social security numbers have been redacted from the attached spreadsheet.

Hon. Denise L. Cote
January 14, 2008
Page 5

consideration of embezzlement losses although not part of count of conviction); <u>United States v. Bove</u>, 155 F.3d 44, 48 (2d Cir. 1998) (proper to include uncharged relevant conduct in fixing tax loss); <u>United States v. Martinez-Rios</u>, 143 F.3d 662, 674 (2d Cir. 1998) (proper to include reasonably forseeable conduct of others in fixing tax loss); <u>United States v. Martin</u>, 157 F.3d 46, 50 (2d Cir. 1988) (holding that "federal district court may consider any relevant conduct when sentencing a defendant, whether or not the conduct is a federal crime" and affirming consideration of possession of stolen but un-transported property); <u>see</u> <u>also</u> <u>United States v. Cianci</u>, 154 F.3d 106 (3d Cir. 1998) (Section 3B1.3 enhancement appropriate as "relevant conduct" even though not based on count of conviction); <u>United States v. Valente</u>, 121 F.3d 327, 334 (7th Cir. 1997) (proper to include tax losses from time-barred counts); <u>United States v. Bhagavan</u>, 116 F.3d 189, 193 (7th Cir. 1997) (same).

**III.   Statutory Maximum Applicable to Crimes of Conviction**

As Manigault's letter notes, the statutory maximum applicable to each of Counts One, Two, and Three in the Indictment is 36 months (Manigault Sent. Ltr. at 2, 10). Although the sentence recommended in the Presentence Investigation report ("PSR") is 37 months on each count to run concurrently with each other (PSR at 18, 19), the Government agrees with Manigault that a sentence of 37 months on each count would unlawfully exceed the statutory maximum of 36 months. The Government also agrees with Manigault that under U.S.S.G. § 5G1.2, consecutive sentences of imprisonment on each count are not appropriate in this case (Manigault Sent. Ltr. at 10).

**IV.   Restitution**

The Government respectfully requests that the Court order restitution equal to the losses caused by the specific conduct underlying the three counts of conviction, $10,733, as a condition of Manigault's supervised release or probation. Although 18 U.S.C. § 3663 does not provide for separate, or stand-alone, restitution for convictions for offenses under Title 26, <u>see</u> <u>United States v. Hoover</u>, 175 F.3d 564, 569 (7th Cir. 1999); <u>United States v. Joseph</u>, 914 F.2d 780, 783-784 (6th Cir. 1990), courts are authorized to order restitution for such offenses as a condition of supervised release or probation. <u>See</u> 18 U.S.C. §§ 3563(b)(2), 3583(d), 3556; U.S.S.G. §§ 5E1.1(a); U.S.S.G. § 5E1.1, comment. (backg'd); <u>United States v. Butler</u>, 297 F.3d 505, 518 (6th Cir. 2002); <u>United States v. Bok</u>, 156 F.3d

Hon. Denise L. Cote
January 14, 2008
Page 6

157, 166-67 (2d Cir. 1998); United States v. Daniel, 956 F.2d 540, 543-544 (6th Cir. 1992); United States v. Helmsley, 941 F.2d 71, 101 (2d Cir. 1991); United States v. Comer, 93 F.3d 1271, 1278 (6th Cir. 1996).  Generally, under U.S.S.G. §5E1.1(a)(2), where a court finds that the Government has suffered a loss, defendants convicted of the various tax crimes under Title 26 must be ordered to make restitution as a condition of supervised release.  See U.S.S.G. §5E1.1(a)(2).

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney

                     By:   /s/ Seetha Ramachandran
                            Seetha Ramachandran
                            Assistant U.S. Attorney
                            (212) 637-2546

cc: Deirdre von Dornum, Esq.   (By facsimile)